## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAMION RICKETTS, | : | |
| Plaintiff, | : | Civ. No. 16-4846 (KM) (MAH) |
| v. | : | |
| WEEHAWKEN POLICE DEPARTMENT, | : | **OPINION** |
| Defendants. | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I.     INTRODUCTION

Plaintiff, Damion Ricketts, is proceeding *pro se* with a civil rights complaint filed pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's application to proceed *in forma pauperis* was previously granted.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed without prejudice as the complaint is time-barred on its face.

## II.     BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. Plaintiff names the following as defendants in this case:  (1) Weehawken Police Department; (2) Executive Director Patrick J. Foye; (3) Director Jeffrey Welz; (4) Deputy Chief William McLellan; (5) Officer O'Neal Vega; (6) Officer John Doe; and (7) Officer Martinez.

Martinez and Vega detained plaintiff on November 7, 2011 for texting (presumably while driving).[1] Plaintiff was taken to the Weehawken police station and questioned about the vehicle. Plaintiff told the officers the vehicle belonged to a friend. Vega then called the owner of the vehicle, who told police that plaintiff had stolen the car from his home in Pennsylvania. Plaintiff states that the vehicle owner lied because he did not want his wife to know that he had had an affair with a transgender person.

Vega proceeded to go through plaintiff's phone and saw plaintiff's stored photos. Vega showed plaintiff's photos to other officers and made fun of plaintiff. Martinez then took plaintiff's fingerprints and mug shot. Later on, Officer Doe came in and said, "they are going to love this man in a wig story" as he laughed. Doe then told plaintiff to stand by the toilet sink while he took a picture of plaintiff with his cell phone.

Plaintiff was taken to Hudson County Jail on the same day. Plaintiff was released after four weeks. However, plaintiff explains that when he got home he had threats on his Facebook account from men who told them they were going to kill him if they caught him. Plaintiff had to move with his aunt because one night a group of men drove by shot up his aunt's house. This shooting ended up wounding a woman.

Plaintiff explains that he has become a target because of the police misconduct and "slander to the public." Plaintiff states that the only place he felt safe was in jail and that this incident leaves him "feeling nervous all the time, getting into legal trouble, weight loss, sleeping problems, high blood pressure, tiredness and can't get a job having to avoid people and suicide thought[s] at times." (Dkt. No. 1 at p. 2)

Plaintiff states that the defendants have violated his constitutional rights. Plaintiff requests monetary damages in the amount of $77 billion.

---

[1] While the charge is not clearly described in the complaint, that seems to be the gist.

## III.   LEGAL STANDARDS

District courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The relevant statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

*Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk,* 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (citing *Egervary v. Young,* 366 F.3d 238, 246 (3d Cir.2004)). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy,* 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that Bivens held that a parallel right exists against federal officials); *see also Collins v. F.B.I.,* No. 10–3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted).

## IV.   DISCUSSION

The police conduct described by the plaintiff, if true, is indecent and inexcusable. Before me now, however, is a separate issue; I must ensure that the Complaint states claims that meet legal requirements. I conclude that it does not.

Court can, and does, raise the issue of the statute of limitations *sua sponte* at this screening stage. *See Ostuni v. Wa Wa's Mart,* 532 F. App'x 110, 111–12 (3d Cir. 2013) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is

necessary, a court may dismiss a time-barred complaint *sua sponte* under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). The statute of limitations for a *Bivens* claim is taken from the forum state's personal injury statute. *See Hughes v. Knieblher*, 341 F. App'x 749, 752 (3d Cir. 2009) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993); *Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988)).  New Jersey's statute of limitations for personal injury actions is two years. *See* N.J. STAT. ANN. § 2A:14-2. "While state law provides the applicable statute of limitations, federal law controls when a *Bivens* claim accrues." *Peguero v. Meyer*, 520 F. App'x 58, 60 (3d Cir. 2013) (per curiam) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Under federal law, a *Bivens* claims accrues when the plaintiff knows of or has reason to know of the injury. *See Hughes*, 341 F. App'x at 752 (citing *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)).

In this case, plaintiff knew or had reason to know of his injury on November 7, 2011, or at the latest when he was released four weeks later and logged onto his Facebook account. Plaintiff did not file his complaint until over four years later, in August, 2016. The complaint is therefore untimely unless the statute of limitations should be tolled.

A prisoner plaintiff may be required to exhaust administrative remedies in the prison system before filing suit, and in such a case the statute of limitations may be tolled during the administrative process. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015); *see also Bullock v. Buck*, 611 F. App'x 744, 746 (3d Cir. 2016). Here, however, plaintiff states that he was released from prison four weeks after he was detained in 2011. Thus, this tolling method would not seem to apply.

Equitable tolling might be considered, although it is "a rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). "It is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)). "To obtain the benefit of equitable tolling, a party also must show that 'she exercised due diligence in pursuing and preserving her claim.'" *Id.* (quoting *Santos*, 559 F.3d at 197). Plaintiff makes no equitable tolling argument, and nothing in the complaint suggests the presence of extraordinary circumstances or due diligence.

The complaint will therefore be dismissed as untimely. That dismissal, however, is without prejudice to the submission within 30 days of a proposed amended complaint containing sufficient allegations that plaintiff's claims are timely.

## V.    MOTION FOR PRO BONO COUNSEL

Plaintiff has also requested the appointment of pro bono counsel. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford

counsel on his own behalf. *See id.* at 155–56, 157 n. 5; *see also Cuevas v. United States*, 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). The power to appoint counsel lies solely with the discretion of this Court. *See Parham*, 126 F.3d at 457.

Plaintiff's application for the appointment of counsel will be denied. For the reasons expressed above, this complaint has failed even to survive the initial screening process and has been dismissed. Denying the motion for the appointment of counsel is appropriate at this time as plaintiff fails to meet the threshold requirement that there be some merit in fact or law to the claims.

## VI.    CONCLUSION

For the foregoing reasons, the complaint will be dismissed as untimely. This dismissal is without prejudice to the submission within 30 days of a proposed amended complaint that contains sufficient allegations of timeliness. Plaintiff's motion for the appointment of counsel will be denied.

DATED:  January 6, 2017

KEVIN MCNULTY
United States District Judge